# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| **FIRSTBANK SOUTHWEST,** | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | Civil Action No. 2:21-cv-00024-Z |
| | § | |
| **HEARTLAND FINANCIAL USA, INC.** d/b/a **FIRSTBANK & TRUST**, and **FIRSTBANK & TRUST TEXAS,** | § | |
| DEFENDANTS. | § | |

## DEFENDANT HEARTLAND FINANCIAL USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Heartland Financial USA, Inc. ("*Heartland*") by and through their undersigned counsel, answers Plaintiff FirstBank Southwest's First Amended Complaint as follows:

### I. Parties

1. Heartland lacks sufficient information to admit or deny the allegations in this paragraph.

2. Heartland denies that it is doing business as FirstBank & Trust. Heartland admits the remaining allegations in this paragraph.

3. Heartland admits the allegations in this paragraph.

### II. Jurisdiction

4. To the extent this paragraph calls for a legal conclusion, no admission is required of Heartland. Heartland otherwise admits the allegations in this paragraph.

### III. Venue

5. To the extent this paragraph calls for a legal conclusion, no admission is required of Heartland. Heartland denies that it has adopted any marks or that any marks at issue in this

4842-3187-7872.3

proceeding are infringing. Heartland admits that a substantial part of the events or omissions giving rise to this proceeding occurred in the Northern District of Texas, Amarillo Division.

6. To the extent this paragraph calls for a legal conclusion, no admission is required of Heartland. Heartland admits that it has acquired entities in Texas. Heartland otherwise denies the allegations in this paragraph.

7. Heartland admits that Defendant FirstBank & Trust is headquartered in Texas and conducts a substantial amount of business in Texas. Heartland denies the remaining allegations in this paragraph.

### IV. Factual Background

8. Heartland lacks sufficient information to admit or deny the allegations in this paragraph. To the extent an answer is required, Heartland denies the allegations.

9. Heartland denies the allegations in this paragraph.

10. Heartland denies that Plaintiff has strong trademark rights. Heartland lacks sufficient information to admit or deny the remaining allegations in this paragraph. To the extent an answer is required, Heartland denies the allegations.

11. Heartland denies that customers associate the FBSW Marks with Plaintiff's banking and trust services, that Plaintiff's banking and trust services are superior, or that the FBSW Marks are highly valuable assets and symbolize Plaintiff's goodwill. Heartland lacks sufficient information to admit or deny the remaining allegations in this paragraph. To the extent an answer is required, Heartland denies the remaining allegations in this paragraph.

12. Heartland denies the allegations in this paragraph.

13. Heartland denies that it uses the alleged Infringing Marks in connection with advertising and promotion of its banking and trust services. Heartland further denies that the

alleged Infringing Marks infringe upon any purported trademark rights held by Plaintiff. Heartland admits the remaining allegations in this paragraph.

14. Heartland lacks sufficient information to admit or deny the coexistence of AimBank and Plaintiff without known customer confusion. Heartland admits the remaining allegations in this paragraph.

15. Heartland denies that AIM Bancshares, Inc. is the same as AimBank. Heartland admits that it announced its intention to acquire AIM Bancshares, Inc. in 2020. Heartland also admits that it announced the completion of the acquisition of AIM Bancshares, Inc. on December 7, 2020, and that AimBank merged into FirstBank & Trust Texas.

16. This paragraph references a written press release which speaks for itself. To the extent an answer is required, Heartland admits that it issued a press release on December 7, 2020 entitled "Heartland Completes Acquisition of AimBank in Texas." Heartland admits that the press release stated "Heartland . . . announced today the completion of its acquisition of AimBank," "[t]he combined bank will operate under the name FirstBank & Trust," that Heartland's Executive Operating Chairman, Lynn B. Fuller, stated in the release, "We are excited to expand our presence in Texas and New Mexico," that Heartland's President and Chief Executive Offer stated: "We are excited to welcome the customers and employees of AimBank," and that the combination "will create additional value for our shareholders." Heartland denies the remaining allegations in this paragraph.

17. Heartland admits that FirstBank & Trust Texas is listed on Heartland's website as a member bank. Heartland denies the remaining allegations in this paragraph.

18. This paragraph references a written letter which speaks for itself. To the extent an answer is required, Heartland admits that it received a letter from counsel for Plaintiff dated June

26, 2020. Heartland admits that this letter expressed concern regarding Plaintiff's perceived similarities between FirstBank & Trust Texas' logo and name and Plaintiff's logo and name. Heartland denies the remaining allegations in this paragraph.

19. Heartland denies that it has engaged in willful infringement or that actual customer confusion occurred. Heartland lacks sufficient information to admit or deny the remaining allegations in this paragraph. To the extent an answer is required, Heartland denies the allegations.

20. Heartland denies that it uses the alleged Infringing Marks in the Texas Panhandle in connection with banking services. Heartland admits that FirstBank & Trust uses the alleged Infringing Marks in the Texas Panhandle in connection with banking services, but denies that such marks are infringing. Heartland denies the remaining allegations in this paragraph.

21. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

22. Heartland admits that Plaintiff filed this suit. Heartland denies the remaining allegations in this paragraph.

23. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

24. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

25. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

26. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

## V. Causes of Action

*Count 1: Violation of the Lanham Act*

27. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

28. Heartland lacks sufficient information to admit or deny the allegations in this paragraph. To the extent an answer is required, Heartland denies the allegations.

29. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

30. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

31. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

32. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

33. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

34. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

35. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

*Count 2: Common Law Trademark Infringement*

36. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

37. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

38. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

39. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

40. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

41. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

42. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

*Count 3: Common Law Unfair Competition*

43. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

44. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

45. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

46. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

*Count 4: Unjust Enrichment*

47. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

48. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

49. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

50. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

*Count 5: Declaratory Judgment*

51. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

52. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

53. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

54. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

55. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

*Count 6: Corporate Parent Liability*

56. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

57. Heartland denies that has used and continues to use the Infringing Marks in commerce. The remainder of this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

4842-3187-7872.3

58. Heartland denies that it exercised complete control over the activities of FirstBank & Trust Texas. The remainder of this paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

59. Heartland admits that it issued a press release announcing the completion of its acquisition of AimBank's holding company and believes the press release speaks for itself. Heartland denies the remaining allegations in this paragraph.

60. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

61. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

62. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

### VI. Injunctive Relief

63. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

64. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

### VII. Conditions Precedent

65. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

### VIII. Prayer

66. This paragraph calls for a legal conclusion and no answer is required. To the extent an answer is required, Heartland denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because its alleged trademarks are generic or merely descriptive, are not distinctive, have not acquired secondary meaning, and do not serve as a trademark.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and acquiescence.

5. Plaintiff's claims are barred, in whole or in part, by its failure to police its trademarks.

6. Plaintiff's alleged damages are too speculative to be permitted.

7. Plaintiff's alleged damages were not proximately caused by the conduct of Defendants.

8. Plaintiff did not incur the damages alleged.

9. Plaintiff failed to mitigate its damages.

10. Pursuant to Fed. R. Civ. P. 8, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's First Amended Complaint, and therefore, FB&T reserves the right to amend this Answer to the First Amended Complaint to allege additional affirmative defenses, should subsequent investigation so warrant.

4842-3187-7872.3

## PRAYER

Defendant Heartland Financial USA, Inc. requests that the Court:

a. dismiss Plaintiff's claims with prejudice;

b. enter a final judgment that Plaintiff take nothing;

c. award Defendant its costs of court; and

d. grant Defendant all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Craig B. Florence*
Craig B. Florence
Texas State Bar No. 07158010
Abigail K. Drake
Texas State Bar No. 24105817
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
cflorence@foley.com
adrake@foley.com

Terrell R. Miller
Texas State Bar No. 24046446
FOLEY & LARDNER LLP
1000 Louisiana St Ste 2000
Houston, TX 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
tmiller@foley.com

**ATTORNEYS FOR DEFENDANT HEARTLAND FINANCIAL USA, INC**

**CERTIFICATE OF SERVICE**

    The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email on this the 23rd day of June 2021, to the following:

                                                      */s/ Abigail K. Drake*
                                                      Abigail K. Drake

Timothy C. Williams,
Texas State Bar No. 24067940
SPROUSE SHRADER SMITH PLLC
Email: tim.williams@sprouselaw.com
Physical: 701 S. Taylor, Suite 500 (79101)
Mailing: P.O. Box 15008
Amarillo, Texas 79105-5008
Tel: (806) 468-3300; Fax: (806) 373-3454

Nicholas A. Guinn,
Texas State Bar No. 24087642
GUNN, LEE & CAVE, P.C.
Email: Nick@gunn-lee.com
8023 Vantage Drive, Suite 1500
San Antonio, Texas 78230
Tel: (210) 886-9500; Fax: (210) 886-9883
ATTORNEYS FOR PLAINTIFF

4842-3187-7872.3